UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**BLAINE ANDREW BRAY**  PLAINTIFF

v.  CIVIL ACTION NO. 4:21-CV-P119-JHM

**KEVIN MAZZA** *et al.*  DEFENDANTS

**MEMORANDUM OPINON AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow other claims to proceed.

**I.**

Plaintiff Blaine Andrew Bray is a convicted prisoner at Green River Correctional Complex (GRCC). He brings this action against GRCC Warden Kevin Mazza; GRCC Mailroom Supervisor Clayton McRoy; the Kentucky Department of Corrections (KDOC); and KDOC Commissioner Cookie Crews. Plaintiff sues the individual Defendants in both their official and individual capacities.

Plaintiff alleges that his "privileged legal mail" is being withheld and copied and that the originals are being disregarded/shredded. Plaintiff further alleges that Defendant McRoy is "reading personal and privileged mail and withholding court documents with case numbers added on the mail stating that if it does not have your name on the document you cannot receive the document but clearly has the individuals name on the document heading and the case numbers on the individual documents."

Plaintiff additionally alleges as follows:

The institution is also disregarding of first class postage return envelopes from attorney's which is attorney client privilege so no cost to client but [Defendant] McRoy disregards as stating "You didn't pay for it" but in fact they are making the inmates pay for returned confidential information that is part of attorney client privilege at no cost to the inmate and as stated, this is also hindering and obstruction.

The [GRCC] along with the [KDOC] are claiming that the federal and state courts all that proceed within are sending dangerous contraband to the inmate populations through the United States mail, so giving them the right to change laws as the see fit.

Plaintiff states that he is asking the Court to order Defendants "from any further illegal activity that is caused by the hindering of inmate privileged legal mail that is causing life altering damages due to the obstruction of the legal process between the courts and attorney client privilege."

Plaintiff asserts that Defendants are in violation of state law and KDOC policy and procedure regarding legal mail. He attaches to the complaint the grievance he filed concerning his legal mail issues and the responses he received. In the responses, Plaintiff is informed that KDOC's policy regarding legal mail has been changed for safety reasons.

Based upon these allegations, Plaintiff alleges that Defendants are violating his constitutional rights under the First, Fourth, Sixth, and Fourteenth Amendments; his rights under Ky. Rev. St. §§ 13A.130, 196.035, and 197.020[1]; and Kentucky Corrections Policy and Procedure (CPP) 16.2.

As relief for these alleged violations of his rights, Plaintiff seeks damages and injunctive relief.

---

[1] Plaintiff actually cites to Ky. Rev. Stat. §197.021 in the complaint but since this statute does not exist, the Court concludes that he intended to bring his claim under §197.020.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant KDOC

The KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (l978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Thus, the Court will dismiss Plaintiff's § 1983 claims against KDOC for failure to state a claim upon which relief.

### B. Official-Capacity Claims

The Court next addresses Plaintiff's official-capacity claims against Defendants who are state employees. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, the Court will dismiss Plaintiff's § 1983 official-capacity claims for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

The Court will, however, <u>allow Plaintiff's official-capacity claims for injunctive relief to proceed against Defendants under the *Ex Parte Young* exception to sovereign immunity</u>. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (holding that Eleventh Amendment immunity does not bar injunctive relief against a state official).

### C. Individual-Capacity Claims

#### 1. Defendants Crews and Mazza

Plaintiff makes no allegations against Defendants Crews or Mazza. For this reason, the Court construes the complaint as asserting § 1983 claims against these Defendants based upon

5

their supervisory positions as the KDOC Commissioner and GRCC Warden. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because Plaintiff has failed to plead "active unconstitutional conduct" on the part of Defendants Crews or Mazza, the Court will dismiss the §1983 individual-capacity claims against them for failure to state a claim upon which relief may be granted.

### 2. Defendant McRoy

#### i. First and Fourteenth Amendments

Upon consideration, <u>the Court will allow First and Fourteenth Amendment claims to proceed against Defendant McRoy for allegedly withholding Plaintiff's legal mail and reading it outside of his presence.</u>

6

However, to the extent that Plaintiff is asserting a claim under the First Amendment for denial of access to the courts, the claim must be denied. It is well established that prisoners have a constitutional right of access to the courts that includes access to legal resources and materials. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this right is not without limit, and to state a claim for interference with access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In addition, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

Because Plaintiff has failed to allege that any action taken by Defendant McRoy caused actual injury to a non-frivolous legal claim, the Court finds that Plaintiff has failed to state a First Amendment claim against him for denial of access to the courts.

### ii. Fourth Amendment

Because it is the First and Fourteenth Amendment, and not the Fourth Amendment's prohibition against unreasonable search and seizure that protects against the reading and confiscation of legal mail by prison officials, the Court will dismiss Plaintiff's Fourth Amendment claim for failure to state a claim upon which relief may be granted. *See, e.g.*, *Young v. Michigan*, No. 2:21-cv-96, 2021 U.S. Dist. LEXIS 157586, at *8-10 (W.D. Mich. Aug. 20, 2021); *Hubbard v. Mann*, No. 2:21-cv-55, 2021 U.S. Dist. LEXIS 127064, at *22 (W.D. Mich. Jul. 8, 2021); *Thomas v. Kramer*, No. 2:08-CV-0544, 2009 U.S. Dist. LEXIS 32874, at *6 (E.D. Cal. April 7, 2009) ("no Fourth Amendment violation when inmate not present during search of legal materials"); *Hall v. Chester*, No. 08-3235, 2008 U.S. Dist. LEXIS 84334, at *22 (D. Kan. Oct. 20, 2008) ("[p]rison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail, and are not required to have probable cause to search incoming mail").

### iii. Sixth Amendment

The Sixth Amendment protects "the attorney-client relationship from intrusion in the criminal setting." *Wolff v. McDonnell*, 418 U.S. 539, 57 (1974); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that the Sixth Amendment right to the assistance of counsel applies only to criminal prosecutions and "extends to the first appeal of right, and no further"). Here, Plaintiff gives no indication that any legal mail at issue pertained to his criminal prosecution or direct appeal. Thus, because Plaintiff's allegations do not suggest that the legal mail which Defendant McRoy allegedly interfered with was from his attorney and pertained to his criminal prosecution or direct appeal, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### D. State-Law Claims

Upon consideration, the Court will allow Plaintiff's claims under Ky. Rev. St. §§ 13A.130, 196.035, and 197.020[2] and for a violation of CPP 16.2 to proceed at this time against all Defendants.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's § 1983 claims against the KDOC and his official-capacity claims against all Defendants for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C.§ 1915A(b)(2) for seeking monetary relief from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 individual-capacity claims against Defendants Crews and Mazza, and Plaintiff's First Amendment denial-of-access-to courts-claim and Fourth and Sixth Amendment claims against Defendant McRoy are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed. In allowing certain claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Date: January 28, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011

---

[2] Plaintiff actually cites to Ky. Rev. Stat. §197.021 in the complaint but since this statute does not exist, the Court concludes that he intended to bring his claim under §197.020.